JULY 14, 1801.

# David Waits, heir-at-law of Reuben Waits, dec'd, by Thos. Duley, his next friend, *v.* Thos. Whitledge.

*Upon an appeal from a decree of the Paris District Court.*

Where a warrant which issued upon a pre-emption certificate, is stolen or lost, the register may issue another warrant upon the same certificate, and a survey made in conformity with it must prevail over a survey made upon an elder warrant, which issued on a younger certificate.

It appears that the claim of the appellant has been attended with peculiar circumstances, which require consideration. It is a pre-emption for one thousand acres of land allowed him by the commissioners, January 1st, 1780, for an improvement made by his deceased father, and that his mother, on his behalf, then contracted with a certain John Baker to clear out the land on shares, as it was commonly expressed, and to enable him to procure a warrant for the purpose she delivered him the commissioners' certificate. This, from the necessity of the case, she certainly had a right to do, and the transaction, so far as it redounded to the benefit of the appellant, was equally binding on him as if it had been done by himself at full age. On this certificate a warrant issued, March 29, 1780; but who obtained the warrant, or whether it was afterward lost, or applied to some fraudulent purpose, has never yet been certainly discovered by either of the parties to this suit. Indeed, an entry made May 27, 1780, in the name of John Baker, on a pre-emption warrant, but not on the land in dispute, is found, which calls to include his improvement also, a survey made thereon, January 12th, 1783, for John Baker, assignee, &c., which, taken together, have some symptoms of fraud. But as it is not shown that he did not hold this warrant as the assignee of some other person, the presumption that it was the appellant's warrant is not sufficiently strong to found a decision thereon, if, in other respects, it were necessary. It further appears, that, about the years 1783 or 1784, Baker absconded from this country, and the

appellant's mother, and the person who acts as his next friend, not being able, for a considerable length of time afterward, to discover what had become of his certificate, or that any step had been taken to secure the land for him, June 6, 1786, they procured from the register at Richmond another pre-emption warrant, which issued as an original, and not as a duplicate. This warrant was entered September 19, 1786, with the surveyor, conformably to the location contained in the commissioners' certificate, and a survey was made thereon September 26, 1786, conformably to the entry on which the appellant has brought this suit to recover from the appellee a considerable part of the land, for which he had previously completed his title, on a settlement and pre-emption allowed to him by the commissioners, December 28, 1779, for what is commonly called a village right. The court being of opinion that the appellant's improvement might, with certainty, have been found, from the calls of his location with the commissioners, by any person who would have used reasonable diligence, and that, both by law and reason, his claim is paramount to that of the appellee — the only inquiry of difficulty arising in the case is, whether the proceedings which have been had on the last mentioned warrant were legal or illegal? In 1780, it was enacted, in favor of those who casually lost pre-emption certificates or land warrants, that certificates of such losses, from any court of record, should authorize the register, in case of the loss of a pre-emption certificate, to issue a warrant on the certificate from a court, and, in case of the loss of a warrant, to issue a duplicate thereof on a like certificate. This provision was purely remedial, and could not be injurious to other adventurers; and, as to the commonwealth, nothing more was requisite than the restriction it contains—that the original warrant and the duplicate thereof should not both be carried into effect, the state price not having been paid for both of them. And this was the only mode, at that time, in which either kind of such losses could be repaired. But, in the year 1782, it was further enacted, that the commissioners for the district of Kentucky should forthwith deliver to the register all the books and papers respecting their said business, which books, or authentic copies of any certificates, should be sufficient authority to the register to issue pre-emption warrants, upon the claimants performing the other requisites in those cases. By this additional provision, it seems evident that another mode was authorized, in which those who lost their pre-emption certificates could

obtain warrants thereon; and that afterward those who had suffered such losses might, at their option, pursue one mode or the other. And this, by the way, seems satisfactorily to account for the conduct of the register in issuing a second pre-emption warrant in the present case, which was not a duplicate. He must have been presented with an attested copy of the appellant's certificate. The second provision, which has been recited, is not guarded with any restriction, only that the claimant should perform (as it is therein expressed) the other requisites in those cases. That is to say, the applicant was required first to pay the consideration money into the hands of the treasurer, and produce to the register the auditor's certificate of his having done so; also, specifying the quantity of land he or she was thereby entitled to. This must be the only construction that the restriction ought to receive; because, it can not be conceived that the case required any other. For, as a person who pursued the second mode, must have paid the state the price for the warrant, and if a warrant had before been obtained on the original certificate, the state price must have been paid for that also, the commonwealth could not be injured. And an individual who had a claim which interfered with the pre-emption right, as located with the commissioners, could not be injured, inasmuch as an entry with the surveyor, on the same ground, could only be made on one of the warrants. Suppose the appellant had been twenty-one years old, and had himself obtained his pre-emption warrant, and, under a mistaken misapprehension, that his pre-emption right was forfeited, or otherwise lost, had made an entry on the warrant on other land, and afterward, on discovering the mistake, he had paid for and procured a second pre-emption warrant, and made an entry thereon conformably to the location of his pre-emption right with the commissioners, this court does not know of any clause in the land law, nor principle of equity, which could, on that account, enable another person to take advantage of either of those entries. Let a supposition still more unfavorable to the appellant to be made, that he had himself, by some mistake, paid for and obtained the two pre-emption warrants in question, and that he had fraudulently attempted to give one of them the efficacy of a pre-emption warrant on land not described in his certificate. It is conceived that none but those who had claims to that land would have had just cause of complaint. Or, to say the most, the appellee could only have been injured by the transaction, if thereby he had been deceived as to the true

situation of the appellant's pre-emption, which can not be presumed to have happened in the case in contest, because it has not been made to appear that his first warrant was ever located on any land. On a view of the whole circumstances, this court is of opinion that the proceedings which have been had on the appellant's second warrant are legal, and that his claim must be sustained; and, consequently, that the district court has erred in decreeing a dismissal of his bill, and that he should pay costs.

Wherefore, it is decreed and ordered, that the said decree be reversed with costs. And it is further decreed and ordered that the said suit be remanded, &c.; that the said court cause the quantity, the metes and bounds of the claims of the parties to be ascertained, and enter up a decree therefor to the appellant (the complainant in that court), and decree and order in the cause whatever else law and equity may require, which is ordered to be certified to said court.